## Pennsylvania Real Estate Commission v. Simpson

*T. McKeen Chidsey*, Attorney General, for Pennsylvania Real Estate Commission.

*Livengood & Nissley*, for defendant.

WOODSIDE, J., January 3, 1950.—This comes before us on appeal from the adjudication of the Pennsylvania Real Estate Commission in suspending appellant's real estate broker's license for six months. The adjudication was made May 19th and a supersedeas granted by this court on June 17th.

When the matter was brought before the court a number of procedural questions as well as issues which went to the merits of the case were raised. We might note in passing the need for more serious consideration of procedural rules and practices by those bringing matters of this type before this court.

Because we think the case should be remanded to the commission we have given no consideration to the merits of the case.

It appears from the record before us that two charges were brought against appellant. She was given notice of the charges, filed answers thereto, and was served with replies to her answers. Hearings on each of the charges were then held before Mr. Mathieu on January 21st, one at 10:30 a. m. and the other at 12 noon. Appellant appeared in person, represented by her counsel, Mr. Brunner.

After the complainant and his witnesses testified and were cross-examined by counsel for appellant the record shows the following:

"(Discussion Off the Record)

"Mr. Brunner: Mrs. Simpson, through counsel, agrees that because her testimony is delayed in this hearing pending the outcome of the criminal proceedings in Bucks County, that she will be willing to permit the complainant to offer such additional testimony after today as they might prefer to present, that is competent, legal testimony.

"Mr. Mathieu: Very well. The hearing is now adjourned.

"(Hearing adjourned)"

The last part of the record of the hearing held at noon is as follows:

"Mr. Markel (attorney for complainant) : Mr. Kaercher, we will have to produce at the continued hearing the testimony of the two men who were acting as your

agents, in an endeavor to settle this matter, and thereby establish the demands of your agent acting for you for the return of that down money.

"Mr. Brunner: And we have agreed that you shall have that privilege."

"Mr. Mathieu: Are there any other witnesses at this time?

"Off the record.

"(Discussion Off the Record)

"Mr. Mathieu: In other words, do you request that the case be continued at this point?

"Mr. Brunner: Yes. I think so, from the point of time as well as the reason that I have given as to the criminal proceedings pending in Bucks County.

"Mr. Mathieu: Very well, the hearing is adjourned."

From the above it appears that appellant and her counsel were justified in believing when they left the hearings on January 21st that there would be another hearing.

At the time of the hearing appellant was under arrest in Bucks County on a charge arising out of the same transaction being inquired into by the commission. She had the opportunity to testify on January 21st but chose not to do so. The commission was not required to give her any further opportunity to testify. The criminal case was an independent inquiry. The outcome of this case did not, and does not now, depend upon the outcome of that case. (She was tried and acquitted of the criminal charge May 27th.)

The evil here is not that she was denied an opportunity to testify on January 21st, but that she was led to believe that if she did not testify then, she would be given an opportunity to do so at a later date.

As far as the record shows, without further notice of any kind to appellant or her counsel, the commission treated the evidence as closed and on May 19th made

its adjudication and order suspending her license for six months. There was no contention at the argument that the record is not correct in this respect or that appellant or her counsel was contacted to ascertain whether she desired to introduce any evidence subsequent to the January 21st hearing. It was argued that she and her counsel both were under the impression up to the time the adjudication was made that there would be another hearing.

As we read the record we think any reasonable person would be led to believe that appellant would have an opportunity to produce evidence at some time subsequent to January 21st. Having been denied that opportunity without notice, we think the case must be returned to the commission that it might reopen the inquiry to give her an opportunity to present such legal evidence as she may have.

After hearing her evidence, and any rebuttal that may be properly made thereto, and any other evidence which the record shows was to be permitted at a future hearing, the commission should consider all the evidence presented to it and make such adjudication as the evidence and the law warrant.

And now, to wit, January 3, 1950, the adjudication and the order made by the Pennsylvania Real Estate Commission dated May 19th are set aside and the record remanded to the commission with the direction that it reopen the inquiry after due notice to all interested parties of the time and place of hearing, permit appellant to offer such legal evidence as she may have bearing upon the issues before it, accept any rebuttal evidence that may properly be made thereto and allow the introduction of any evidence which the record shows was to be permitted at a future hearing, and thereafter take such action as all the evidence and the law warrant.